SAVOY, Judge.
We are called upon in the present case to decide whether or not the trial court correctly granted a motion for summary judgment in favor of the defendant, Vancouver Plywood Company, Inc., after the plaintiff, Welch-Eckman Construction Company, filed suit to recover expenses allegedly incurred by it over and above the written contract price agreed upon between the parties in the construction of foundations and slabs at Vancouver’s plywood plant located in Allen Parish, Louisiana.
On September 11, 1964, the parties entered into a written contract whereby plaintiff agreed to construct the plant foundations and slabs at Vancouver’s plant for the total consideration of $112,885.00. The contract provided that final payment was to be due sixty days after the comple *135 tion of all work as evidenced by the written certificate of the Consulting Engineer and acceptance thereof in writing by the owner.
Under Article Eight dealing with General Conditions we find at paragraph seven the mode by which changes in the work were to be made. Paragraph seven reads as follows:
“7. Changes in the Work. The owner may order changes in the work, the Contract Price being adjusted accordingly. All such orders and adjustments shall be in writing. Claims by the Contractor for extra cost must be made in writing before executing the work involved.”
In Meaux v. Southern Construction Corporation (La.App., 3 Cir., 1963), 159 So.2d 156, this Court dealt (inter alia) with a claim for work allegedly performed under a painting contract which provided that no alterations or changes were to be made except upon the written order of the contractor. We stated the general rule in Louisiana involving claims for extra work under written contracts to be that:
“ * * * no claims for extra work or materials shall be allowed unless made in writing * * * and that when the contract so provides, and there is no written order for such extras, no recovery can be had for them in the absence of a waiver of that stipulation.” (Citations omitted.)
We also stated the often enunciated rule that:
“ * * * legal agreements have the effect of law as between the parties, that the courts are bound to give legal effect to contracts according to the true intent of the parties, and that the intent is to be determined by the words of the contract when these words are clear and explicit and lead to no absurd consequences.” (Citations omitted.)
Naturally, the general rules enumerated above are exactly that and are subject to certain exceptions. Thus, we held in Roff v. Southern Construction Corporation (La.App., 3 Cir., 1964), 163 So.2d 112, that recovery for extras based on parol evidence may be had even though the contract called for alterations or changes to be made only upon written order of the contractor: (1) when the alteration was necessary and had not been foreseen; (2) when the alteration was so great that it cannot be supposed to have been made without the knowledge of the owner; (3) when the owner was aware of the extra work and made no objection to it; and, (4) when there was a subsequent verbal agreement authorizing the work. In Pamper Corporation v. Town of Marksville (La.App., 3 Cir., 1968), 208 So.2d 715, we stated that:
“Even where the contract had a provision to the effect that the owner shall not be liable for any extra work unless the owner has given written authorization for that work, the consistent actions of the two parties may be found to constitute a ‘waiver’ of this provision, and recovery can be allowed the contractor, notwithstanding that no written authorization was given by the owner to perform such additional work.”
We are in complete accord with the trial judge’s ruling on the motion for summary judgment initiated by Vancouver.
Although only two amendments were undertaken on the foundation and slab contract with which we are here concerned, the first one (Change Order 1101-1) stated several changes and increased the original contract price; and the second change, while it did not increase or decrease the original contract price, it did expressly state the changes and the fact that there was to be no contract price change. Additional contracts (totalling four in number) were entered into by the parties to do work other than the foundation and slab contract, and all of these contracts evidenced changes by written increases except one which *136 not only evidenced two increases but also a decrease for certain alterations. We feel that under the circumstances of this case, the conduct of the parties cannot be construed as a waiver; and, on the contrary, we believe the parties intended to abide by the written contract and all of its terms involving changes or alterations.
For the reasons assigned, the judgment is affirmed at appellant’s costs.
Affirmed.